## Sefler *v.* Union Furniture Company, Appellant.

*Landlord and tenant—Levy—Goods leased to tenant—Wrongful removal of goods after levy.*

In an action by a landlord against a company leasing or selling goods on the installment plan, to recover damages for the wrongful removal of the goods by the defendant after they had been levied on by the plaintiff for rent, a verdict and judgment for the plaintiff will be sustained where the collecting agent of defendant saw the notice of the levy on the leased premises, communicated the fact to the secretary and treasurer of the company from whom he took his orders, and the latter told him to go ahead and remove the goods. In such a case it is no defense that the president and the chief executive officer of the defendant had neither authorized nor ratified the action of his subordinates.

*Landlord and tenant—Levy—Notice—Custom.*

Where a constable, acting not in his official capacity, but merely as bailiff of a landlord, posts a notice of a levy on household goods, the law raises no presumption either in favor of or against the regularity of the the notice.

In an action to recover damages for the wrongful removal of a tenant's household goods, as against a landlord's levy for rent, the court will not assume that the levy was invalid because the constable in speaking of a notice that he had posted, said that it was to run ten days before he could make an appraisement, when in fact the goods were removed about five or six days after the notice was posted.

Argued April 28, 1908.   Appeal, No. 213, April T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co.,. Aug. T., 1904, No. 134, on verdict for plaintiff in case of Lizzie Sefler v. Union Furniture Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for wrongful removal of goods after a levy.   Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $225.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*S. L. Webb*, for appellant.—The defendant contends that there was no notice of distraint at the time the goods were removed: Snyder v. Boring, 4 Pa. Superior Ct. 196; Esterly Machine Co. v. Spencer, 147 Pa. 466.

The secretary or bookkeeper, whichever Schmidt was, had no authority to bind the company for a tort or trespass committed by Schaffer, even if he had given directions, as Schaffer says he received, about removing the goods: Leary v. Blanchard, 48 Me. 269; Evarts v. Killingworth Mfg. Co., 20 Conn. 447; Famous Shoe & Clothing Co. v. Eagle Iron Works, 51 Mo. App. 66; Fawcett v. New Haven Organ Co., 47 Conn. 224; First Nat. Bank of Kansas City v. Hogan, 47 Mo. 472; Chestnut Hill & Spring-House Turnpike Co. v. Rutter, 4 S. & R. 6.

*George C. Bradshaw*, for appellee.

OPINION BY HEAD, J., July 15, 1908:

That the plaintiff was the owner of certain premises which she had demised to one Johnston; that he had permitted his rent to become in arrears; that a landlord's warrant was issued and a levy made upon the personal property in the possession of the tenant on the demised premises; that this levy embraced

certain furniture or household goods which the tenant had purchased or leased from the defendant on what is commonly called the installment plan; that he was still indebted on account thereof; that the collecting agent of the defendant saw the notice of the levy tacked up on the door of the house; that the goods were removed in the wagon and by the employees of the defendant company, from the demised premises to its storage rooms and that the plaintiff thus lost the benefit of her levy, are facts which cannot be said to be in controversy under the evidence in this case.

When summoned to respond in damages for this alleged unlawful removal the defendant took defense, first, on the ground that it had not removed the goods because even if that removal were effected by means of its agents, employees, team and wagon, and subsequently accrued to its advantage, its president and chief executive officer had neither authorized nor ratified the action of his subordinates. The learned court below fairly submitted this question to the jury on evidence that we regard as amply sufficient to sustain their finding that the defendant removed the goods after notice of the levy. It is not denied that Shafer, the collecting agent, knew of the distress. He says he read the notice which, with the list of the property levied on, was affixed to the door. He acquired this knowledge in the exact line of the duty he owed to his principal. Not only so, but he immediately communicated this knowledge to Schmidt, the secretary, treasurer and bookkeeper of the defendant, from whom he generally received his orders what to do, and Schmidt "told me to go and get the goods." There were many corroborating facts we need not stop to mention. It is sufficient to say that in our judgment the verdict was fully supported by the evidence.

The only other matter of defense urged was that the levy was invalid because of some defect in the notice. We can find no evidence in the record of any such defect as would vitiate the levy. The constable who made it testified that he had made a schedule of the goods and then "I put on a regular levy paper. Q. What was that? A. Why, what any constable has, the regular form. Q. And you made out this list after-

wards? A. No, I made this list first and then I took the regular levy and took it up and put it on the door. . . . Q. You did not go back? A. I did not go back because I had to have that up ten days before I could go back. . . . I went back in six or seven days after that and the goods were gone." True, the constable was not engaged in the performance of his official duty, but was acting as the bailiff of the landlord. If on this account, as the appellant contends, the law raises no presumption in favor of the regularity of the notice, it raises none to the contrary and in the face of the evidence quoted, and with no countervailing proof whatever, the court could not have assumed that the levy was invalid and given binding instructions in favor of the defendant. True, the constable, speaking of the notice, says: "It was to run ten days from the time I put it up before I could make the appraisement." But we have not before us the question whether or not, as against the intervening rights of third parties, such a levy could be held for ten days without taking the steps provided by law looking to an appraisement and sale, because when the constable returned in "about five or six days" the goods were gone. Upon an examination of the entire record we are all of opinion it discloses no reversible error.

Judgment affirmed.